IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIMOTHY EDWARDS,

                Petitioner,

vs.

UNITED STATES OF AMERICA,

                Respondent.

Case No. 3:19-CV-293-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Petitioner Timothy Edwards (Doc. 1), and a Motion to Dismiss Petitioner's Motion for Relief filed by the United States of America (Doc. 2). For the reasons set forth below, the Court grants the Government's motion and dismisses Petitioner's motion as untimely.

## FACTUAL & PROCEDURAL BACKGROUND

From January 2008 to January 2014, Petitioner Timothy Edwards conspired and agreed with his co-defendants, Luis Rocha-Tapia, David Jenkins, and Lisa Stamm, to knowingly and intentionally distribute, and possess with intent to distribute, a mixture or substance containing a detectable amount of cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Timothy Edwards*, SDIL Case No. 3:14-CR-30173, Docs. 1, 88.[1] On September 17, 2014, Edwards was indicted by a federal grand jury

---

[1] Citations to Petitioner's criminal case will be cited throughout this Order as SDIL Case No. 3:14-CR-30173.

for conspiring to distribute and possessing with intent to distribute cocaine and marihuana. SDIL Case No. 3:14-CR-30173, Doc. 1. On May 17, 2016, a federal grand jury returned a second superseding indictment charging Edwards with two additional counts: (1) making a false statement to a federal law enforcement officer in violation of 18 U.S.C. § 1001(a)(2); and (2) maintaining a place of business for the purpose of distributing a controlled substance in violation of 21 U.S.C. § 856(a)(1). SDIL Case No. 3:14-CR-30173, Doc. 88.

Assistant Federal Public Defender Todd M. Schultz was appointed to represent Edwards on June 17, 2016. SDIL Case No. 3:14-CR-30173, Doc. 106. On July 11, 2016, Edwards pleaded guilty to all three counts pursuant to a plea agreement with the Government. SDIL Case No. 3:14-CR-30173, Docs. 132 and 134. Included in the agreement was a waiver of his right to appeal. SDIL Case No. 3:14-CR-30173, Doc. 134 at pp. 20-21. On April 7, 2017, Edwards was sentenced to an 84-month term of imprisonment, a four-year term of supervised release, a $300 special assessment, and a $600 fine.[2] SDIL Case No. 3:14-CR-30173, Docs. 170, 176. The Court entered a written judgment on April 10, 2017. SDIL Case No. 3:14-CR-30173, Doc. 174. Edwards did not file a Notice of Appeal within fourteen days of entry of judgment.

On June 7, 2017, Edwards filed a Motion for Extension of Time to File Late Notice of Appeal, which the Court denied on June 20, 2017. SDIL Case No. 3:14-CR-30173, Docs. 179, 182. Edwards filed a Notice of Appeal anyway on July 5, 2017. SDIL Case No. 3:14-

---

[2] Edwards was sentenced by District Judge David R. Herndon. The criminal case, No. 3:14-CR-30173, was transferred to the undersigned upon the filing of this motion on March 12, 2019. SDIL Case No. 3:14-CR-3017, Doc. 249.

CR-30173, Doc. 185. On December 11, 2017, the United States Court of Appeals for the Seventh Circuit dismissed the appeal as untimely. SDIL Case No. 3:14-CR-30173, Doc. 219-1; *United States v. Edwards*, No. 17-2365 (7th Cir. 2017).

On July 17, 2017, Edwards also filed a Notice of Appeal as to the Court's Final Order of Forfeiture concerning $72,500.00 in United States currency (Docs. 192, 194). On July 16, 2018, the Seventh Circuit Court of Appeals dismissed this appeal as untimely. *United States v. Edwards*, No. 17-2436 (7th Cir. 2018). A month later, on August 15, 2018, the Court of Appeals denied Edwards's motion for rehearing. Case No. 3:14-CR-30173, Doc. 224-2. On November 7, 2018, Edwards filed a Petition for Writ of Certiorari in the United States Supreme Court. *Edwards v. United States*, 139 S. Ct. 838 (2019). On January 7, 2019, the Supreme Court denied Edwards's petition. *Id.*

On March 12, 2019, Edwards filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2255 (Doc. 1). Specifically, Edwards claims his counsel:

(1) failed as an advocate for Edwards when he failed to withdraw the Guilty Plea prior to sentencing;

(2) was ineffective in that he failed to file a timely Notice of Appeal to which Edwards was entitled;

(3) failed to prepare for trial, and investigate and properly conduct a plea representation, all of which have resulted in a manifest injustice and a fundamental miscarriage of justice;

(4) failed to ensure that the plea was knowing and voluntary in violation of the Sixth Amendment right to effective assistance of trial counsel;

(5) surrendered his role as Edwards's advocate, and acted as an advocate for the Government in violation of the Sixth Amendment right to effective assistance of trial counsel;

    (6) failed to ensure and carry out Edwards's instructions, which resulted in a denial of Edwards's constitutional right to speedy trial;

    (7) violated the Fifth Amendment right to due process by trial court, and the Sixth Amendment right to counsel, which caused an unconstitutional taking in forfeiture and plea procedure; and

    (8) made false and defamatory remarks against Edwards on a public forum (Facebook).

(Doc. 1-1, p. 8).

On May 8, 2019, the Government filed a Motion to Dismiss the petition as untimely (Doc. 2).

## LEGAL STANDARD

28 U.S.C. § 2255 requires a court to vacate, set aside, or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)). Thus, it "is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citations omitted).

## DISCUSSION

Any motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from the latest of:

> (1) The date on which the judgment of conviction becomes final;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A.     Edwards's Petition is Untimely Under § 2255(f)(1)

"[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam). The time to file a direct appeal in a criminal case expires after fourteen days from the entry of the judgment that defendant would be appealing. *See* FED. R. APP. P. 4(b)(1)(A)(i).

If a defendant does appeal, finality attaches when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076, 155 L. Ed. 2d 88 (2003); *Gonzalez v. Thaler*, 565 U.S. 134, 150, (2012). "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Id.* at 532; *see also United States v. Simpson*, 2010 WL 5490780, 2010 U.S. Dist. LEXIS 139385 (E.D. Ky. Dec. 16, 2010).

Here, Edwards was sentenced on April 7, 2017, and judgment was entered on April 10, 2017. *See* Case No. 3:14-CR-30173, Docs. 170, 174, 176. Edwards's conviction became final fourteen days later on April 21, 2017, when he failed to file a timely notice of appeal. *See* FED. R. APP. P. 4(b)(1)(A); *see also Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013) ("the sentence did not become final until the deadline for filing a notice of appeal expired"); *Johnson v. United States*, 457 F. App'x 462, 466 (6th Cir. 2012) (defendant's conviction became final when the time to file a notice of appeal expired without defendant having done so, despite later filing a motion for extension of time to appeal that was denied). Thus, the statute of limitations for filing a Section 2255 petition expired on April 21, 2018, one year from the date on which the judgment of conviction became final. Edwards filed this petition on March 12, 2019, which is late by almost a year.³ Therefore, Edwards's Section 2255 motion is untimely under § 2255(f)(1).

**B.     *Garza* Did Not Extend the Statute of Limitations Under § 2255(f)(3)**

Edwards also argues his petition is timely under Section 2255(f)(3) because the United States Supreme Court issued a new rule of law that was made retroactive in *Garza v. Idaho*, 139 S. Ct. 738 (Feb. 27, 2019). In *Garza*, the Supreme Court held that an attorney provides ineffective assistance by failing to file a notice of appeal upon request, even if the defendant has signed an appeal waiver. *Id.* at 747. This holding overturned existing Seventh Circuit precedent, which held that a lawyer's decision not to pursue an appeal,

---

³ Edwards notes that he filed a Petition for Writ of Certiorari to the Supreme Court, which was denied on January 7, 2019. Thus, he argues, he had one year from that date to timely file this Section 2255. As discussed above, however, his Petition to the Supreme Court was related to his appeal of the Court's forfeiture order—not an appeal of his sentence. Accordingly, the January 7, 2019 denial of his Petition for Writ of Certiorari has no relevance to this action.

over a client's request that the lawyer do so, is not necessarily deficient where the client had agreed to an appeal waiver, as Edwards did here. *See Nunez v. United States*, 546 F.3d 450 (7th Cir. 2008).

For his petition to be timely under Section 2255 (f)(3), *Garza* must have announced a newly recognized right made retroactively applicable to cases on collateral review. District courts analyzing *Garza*, however, "have uniformly held that it does not represent a new law that is retroactively applicable on collateral review." *Sanders v. United States*, No. 13-CR-3696 RB, 2020 WL 1929463, at *2 (D. N.M. Apr. 21, 2020) (collecting cases); *see also Thieme v. United States*, No. CV 19-15507 (SDW), 2020 WL 1441654, at *3 (D. N.J. Mar. 24, 2020) (*Garza* did not recognize a new right but was only applying the rule announced in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) to circumstances involving an appellate waiver, nor has it been made retroactive to cases on collateral review); *Moreno v. United States*, No. 19 C 6752, 2020 WL 291392, at *2 (N.D. Ill. Jan. 21, 2020). Because *Garza* neither announced a new rule of law on which Edwards relies, nor has been made retroactive to cases on collateral review, it does not extend the time Edwards had to file his Section 2255 petition. His petition must be dismissed as untimely.

### CERTIFICATE OF APPEALABILITY

The Court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See* FED. R. GOV. §2255 PROC. 11. A petitioner cannot appeal the denial of a Section 2255 petition unless this Court or the Court of Appeals issues a certificate of appealability. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is met when the petitioner demonstrates that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Welch v. United States*, 136 S. Ct. 1258, 1263 (2016). The Court will not issue a certificate of appealability because reasonable jurists would not debate that Edwards's motion is time-barred.

## CONCLUSION

For the reasons stated above, Petitioner Timothy Edwards's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED** because it is untimely. All pending motions are **DENIED as moot**. The Court **DECLINES** to issue a certificate of appealability. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: April 24, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**