IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY EDWARDS,** | |
| **Petitioner,** | |
| v. | Case No. 3:19-CV-293-NJR |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Leave to Conduct Discovery filed by Petitioner Timothy Edwards in this action to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 34). The United States opposes the motion (Doc. 36). For the following reasons, the motion is granted in part and denied in part.

## PROCEDURAL BACKGROUND

On July 11, 2016, Edwards pleaded guilty, pursuant to a written plea agreement with the Government, to conspiring to distribute and possessing with intent to distribute cocaine and marijuana, making a false statement to a federal law enforcement officer, and maintaining a place of business for the purpose of distributing a controlled substance. SDIL Case No. 3:14-CR-30173, Doc. 88. Included in the plea agreement was a waiver of his right to appeal. *Id.* at Doc. 134 at pp. 20-21. On April 7, 2017, Edwards was sentenced by now-retired District Judge David R. Herndon to an 84-month term of imprisonment, a four-year term of supervised release, a $300 special assessment, and a $600 fine.

The Court entered a written judgment on April 10, 2017. *Id.* at Doc. 174. Edwards did not file a Notice of Appeal within fourteen days of entry of judgment. According to Edwards, he asked his retained attorneys, Grant C. Boyd and Travis Noble of the law firm Sindel, Sindel, & Noble, P.C., to file a notice of appeal "right after sentencing," but unbeknownst to him, they never did.

On June 7, 2017, Edwards filed a Motion for Extension of Time to File Late Notice of Appeal, which Judge Herndon denied on June 20, 2017. *Id.* at Docs. 179, 182. Edwards filed a Notice of Appeal anyway on July 5, 2017. *Id.* at Doc. 185. On December 11, 2017, the United States Court of Appeals for the Seventh Circuit dismissed the appeal as untimely. *Id.* at Doc. 219-1; *United States v. Edwards*, No. 17-2365 (7th Cir. 2017).

On March 12, 2019, Edwards filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Among other things, Edwards claimed his trial counsel was ineffective because they did not appeal his conviction as requested (*Id.*). In response, the Government filed a motion to dismiss the petition, attaching an affidavit from Attorney Grant Boyd stating that "Mr. Edwards never requested our office appeal his case nor sentence. Mr. Edwards never requested our office file a notice of appeal on his behalf." (Docs. 2, 2-1).

On April 24, 2020, the undersigned Chief dismissed Edwards's Section 2255 petition as untimely (Doc. 14). The Court noted that, under *Garza v. Idaho*, 139 S. Ct. 738 (Feb. 27, 2019), an attorney's failure to file a notice of appeal as requested constitutes ineffective assistance of counsel (*Id.*). Prior to *Garza*, Seventh Circuit case law made clear that a lawyer's decision not to pursue an appeal, over a client's request that the lawyer

do so, is not necessarily deficient representation where the client had agreed to an appeal waiver, as Edwards did here. *See Nunez v. United States*, 546 F.3d 450 (7th Cir. 2008). But because *Garza* did not "represent a new law that is retroactively applicable on collateral review," the Court found it did not extend Edwards's time to file a Section 2255 petition (*Id.*).

Edwards appealed the undersigned's decision to the Seventh Circuit Court of Appeals. On September 10, 2020, the Seventh Circuit issued an order granting a certificate of appealability, stating that: "The substantial questions for appeal are, first, whether counsel violated the Sixth Amendment by failing to file a timely direct appeal of the conviction; and, second, whether the request for collateral relief was timely. In particular, the parties should address when the one year provided by 28 U.S.C. § 2255(f) begins if, as here, a direct appeal is taken in fact but is untimely." (Doc. 25). The Court of Appeals further remanded the case to the undersigned for an evidentiary hearing (Doc. 27).

### REQUESTED DISCOVERY

Edwards now moves the Court for an order pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings permitting him to seek the following discovery:

- two interrogatories directed toward the Government: one seeking the identity of witnesses who participated in obtaining the March 14, 2018, affidavit from Boyd; and the other seeking the terms of any oral agreements, accords, or arrangements between the Government and Boyd, Noble, or Sindel & Noble;

- seven Requests for Production directed toward the Government seeking information related to Boyd's affidavit and communications between and among the Government and Edwards's attorneys;

- subpoenas on Boyd, Noble, and Sindel, Sindel & Noble for documents and deposition testimony related to Boyd's affidavit and communications between and among them and the Government; and

- third-party discovery on the Federal Bureau of Prisons (BOP) for documents related to Edwards's pursuit of his appeal rights upon learning that his attorneys ignored his request for them to file a notice of appeal.

The United States opposes Edwards's motion for discovery for two reasons (Doc. 36). First, on appeal Edwards requested remand for an evidentiary hearing, not for discovery. Had he intended to seek discovery, that should have been part of his request to the Seventh Circuit. Second, Edwards stated in earlier filings that he verbally told one attorney, Boyd, to file a notice of appeal on the day of sentencing, April 7, 2017. Thus, he has not shown good cause for discovery from the United States, Sindel, Sindel & Noble, or the BOP. If the Court finds discovery is appropriate, the United States moves to limit the discovery to the relevant time period—April 7, 2017, to May 24, 2017—the last possible date counsel could have acted on Edwards's request to file a notice of appeal, if indeed that request had been made. Because the scope of the remand is limited to whether Edwards instructed his attorneys to file a notice of appeal, the Government argues, any discovery permitted must be narrowly tailored to answer that question.

In reply, Edwards asserts the Government has misstated the law, in that Rule 6(a) clearly states a party is "entitled" to invoke the discovery process if good cause is shown (Doc. 37).[1] And, he argues, good cause exists for each of his discovery requests.

---

[1] The Court notes the word "entitled" is not present in the current version of Rule 6 of the Rules Governing Section 2255 Proceedings.

LEGAL STANDARD

Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure." To satisfy Rule 6(a), a petitioner must (1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) show "good cause" for the discovery. *Hubanks v. Frank*, 392 F.3d 926, 933 (7th Cir. 2004). Good cause exists where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gamley*, 520 U.S. 899, 909 (1997). "The petitioner bears the burden of demonstrating the materiality of the discovery he requests." *Tolliver v. United States*, No. 07-CV-525-JPG, 2008 WL 5057302, at *2 (S.D. Ill. Nov. 21, 2008).

"While the district court generally has discretion to grant or deny discovery requests under Rule 6, a court's blanket denial of discovery is an abuse of discretion if discovery is 'indispensable to a fair, rounded, development of the material facts.'" *United States v. Warden, Pontiac Corr. Ctr.*, No. 95 C 3932, 1996 WL 341390, at *7 (N.D. Ill. June 18, 1996) (quoting *East v. Scott*, 55 F.3d 996, 1001 (5th Cir. 1995)).

DISCUSSION

A.  **Scope of Remand**

The decision by the Court of Appeals to remand and its corresponding opinion dictate the scope of that remand. *United States v. Barnes*, 660 F.3d 1000, 1006 (7th Cir. 2011).

"Moreover, any issue that could have been raised on appeal but was not is waived and, therefore, not remanded." *Id.*

Here, the Seventh Circuit remanded Edwards's appeal to "the district court for an evidentiary hearing consistent with appellant's motion." (Doc. 27). The motion it was referring to was Edwards's "Unopposed Motion to Remand for Evidentiary Hearing and Stay of Appellate Proceedings." (*Id.*). The issues raised by Edwards in that motion were: (1) whether Edwards directed his attorneys to file a notice of appeal; and (2) whether his attorneys' alleged ineffectiveness equitably tolled the statute of limitations for bringing his Section 2255 petition.

The United States makes a considerable effort to explain the circumstances that led to Edwards's motion for remand being "unopposed." Specifically, the United States clarifies that it was unopposed to a remand *limited* to the issue of whether Edwards instructed his attorneys to file a notice of appeal. Although titling the motion "unopposed" was somewhat deceptive, Edwards explained the Government's position to the Seventh Circuit. *Edwards v. United States*, No. 20-1771, Doc. 25 (7th Cir.) ("The Government does not, at this point in the appeal, take a position on the issues raised in the Court's September 10, 2020 order granting a certificate of appealability or other positions taken by Edwards in this motion."). Nevertheless, the Seventh Circuit remanded the case for an evidentiary hearing "consistent with appellant's motion." *Id.* at Doc. 26. And Edwards's motion asked for an evidentiary hearing on both issues. Thus, the scope of the Court's jurisdiction on remand is to determine, through an evidentiary hearing, whether trial counsel failed to file a notice of appeal upon Edwards's request

and whether that failure, if true, equitably tolled the statute of limitations on Edwards's Section 2255 petition.

The Government also argues that the Seventh Circuit remanded the matter for an evidentiary hearing—not for discovery. The Court does not interpret the remand order quite so narrowly. To hold an evidentiary hearing requires evidence. At this point, the only evidence in the record is Boyd's word against Edwards's word. Accordingly, the Court welcomes any additional, relevant evidence—obtained through discovery—that may assist the Court in its determination.

**B.     Specific Discovery Requests**

As provided by Rule 6(a), discovery in Section 2255 cases is governed by the Federal Rules of Criminal Procedure or Civil Procedure. Rule 6(a) of the Rules Governing Section 2255 Proceedings. Under Rule 26(b) of the Federal Rules of Civil Procedure, a party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" considering, among other things, "the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

With Rule 26(b) in mind, the Court turns to the scope of Edwards's requested discovery. First, the Government argues that the relevant time period for discovery should be shortened. Edwards seeks discovery for the period of September 17, 2014, to the present; however, the Government asserts, Edwards claims he asked Boyd "right after sentencing" to file an appeal on his behalf. (Docs. 3, 6). Accordingly, the relevant time

period for determining whether Edwards asked his attorney to file an appeal should begin on the day Edwards was sentenced: April 7, 2017. In response, Edwards argues that he has never stated that he only asked his attorneys to file an appeal on this one occasion.

The Court agrees with the Government that the relevant time period as defined by Edwards is overbroad. Trial counsel was not even retained until May 17, 2016 (Doc. 93); thus, that is the earliest possible date that Edwards could have discussed any desire to appeal a potential conviction. The latest relevant date is March 14, 2018—the date Boyd signed an affidavit attesting Edwards never requested that his office file a notice of appeal (Doc. 2-1). Accordingly, the Court limits the relevant time period to May 17, 2016, through March 14, 2018.

The Court also finds the scope of discovery overbroad, as the requests are not tailored to discover whether Edwards asked his attorneys to file a notice of appeal or whether the failure to do so equitably tolled his time to file a habeas petition. For example, Edwards seeks "all Documents and Communications relating or referring to Petitioner" but does not limit the request to documents or communications regarding his desire to appeal. He also seeks documents related to his plea agreement, which exceeds the bounds set by the Seventh Circuit for remand.

For these reasons, the Court **GRANTS in part** and **DENIES in part** the Motion for Leave to Conduct Discovery filed by Petitioner Timothy Edwards (Doc. 34). The Court **MODIFIES** the requested discovery as follows:

1. The relevant time period **SHALL** be limited to May 17, 2016, to March 14, 2018.

2. Request for Production Nos. 1, 2, and 3 to the United States **SHALL** be limited to any documents or communications relating or referring to Petitioner's desire to appeal or file a notice of appeal.

3. Request for Production Nos. 4 and 7 to the United States are **STRICKEN**.

4. Interrogatory No. 2 to the United States is **STRICKEN**.

5. Document Request Nos. 1, 2, 6, and 7 to Sindel, Sindel & Noble, P.C., **SHALL** be limited to any documents or communications relating or referring to Petitioner's desire to appeal or to file a notice of appeal.

6. Document Request Nos. 3, 8, and 9 to Sindel, Sindel & Noble, P.C., are **STRICKEN.**

7. The Matters for Examination of Sindel, Sindel & Noble, P.C. **SHALL** be limited to Petitioner's desire to appeal or to file a notice of appeal. Matter for Examination No. 5 is **STRICKEN.**

8. Document Request No. 1 to the Federal Bureau of Prisons **SHALL** be limited to any documents or communications relating or referring to Petitioner's desire to appeal or file a notice of appeal.

**IT IS SO ORDERED.**

DATED: February 22, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**