IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY EDWARDS, | |
| Petitioner, | |
| v. | Case No. 3:19-CV-293-NJR |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are several motions *in limine*, a motion to compel discovery, and a motion to treat Attorney Grant C. Boyd as an adverse witness at the evidentiary hearing set for May 25, 2021. The purpose of the evidentiary hearing is to determine whether Edwards asked his trial counsel to file an appeal on his behalf. The Court addresses each motion as follows:

**I.    Motion *in Limine* filed by the United States (Doc. 45)**

With its motion *in limine*, the Government first seeks to exclude evidence relating to Edwards's grounds for relief in his petition filed under 28 U.S.C. § 2255 that were not appealed. The Government explains that Edwards has taken the position that *any* dissatisfaction he had with trial counsel is relevant to the issue of whether he asked his counsel to file a notice of appeal. Specifically, the Government identifies four topics discussed during depositions that are not relevant to the issue before the Court and should be excluded. Those topics include: (1) his attorneys' trial preparation and strategy; (2) communications and negotiations about the plea agreement; (3) communications

between Edwards and his attorneys between the plea hearing and sentencing, other than communications about filing an appeal; and (4) communications between trial counsel and former Assistant United States Attorney Deirdre Durborow, who was assigned to Edwards's underlying criminal case.

In response, Edwards argues that all of these topics are indeed relevant to the issue before the Court, as they are what led him to request an appeal. (Doc. 51). In other words, Edwards *believed* his guilty plea and/or the waiver of his appeal rights were defective, which would make it more probable that he asked his attorney to file a notice of appeal.

To the extent Edwards attempts to re-litigate issues from his Section 2255 petition that he did not appeal, including but not limited to whether his attorneys *objectively* were unprepared for trial, failed to withdraw his guilty plea, and failed to ensure his guilty plea were knowing and voluntary, those issues are not within the scope of remand. The Court understands, however, that Edwards's *subjective* beliefs about how his attorneys handled or mishandled his case with regard to his plea, as well as counsel's preparedness for trial, are relevant to his desire to appeal. Accordingly, the Court declines to bar this evidence and instead **RESERVES RULING** as to any specific objections made during the hearing.

In its motion, the Government also asked the Court to require Edwards to proffer what testimony he seeks to elicit from former Assistant United States Attorney Durborow, and then either limit or quash the subpoena. In response, Edwards notes that Durborow is a witness with first-hand knowledge of the circumstances under which

Boyd first claimed that Edwards never asked him to file an appeal. Edwards indicates Durborow's testimony could be used to impeach Boyd.

The Court agrees that Boyd's statements to Durborow during the preparation of his March 14, 2018, affidavit are relevant to the issue before the Court. Accordingly, Durborow's testimony will be permitted. However, any questions regarding Durborow's mental impressions, conclusions, opinions, or legal theories about Edwards's case shall, of course, be excluded.

For these reasons, the Government's request to quash the subpoena is **DENIED**, but Durborow's testimony **SHALL** be limited to the issue of Boyd's statements to her during the preparation of his March 14, 2018, affidavit.

II. **Motion *in Limine* to Exclude Evidence Related to Underlying Criminal Case filed by Edwards (Doc. 49)**

Edwards asks the Court to exclude any questions, testimony, or evidence about the merits of his underlying criminal case because it is prejudicial, violates his right against self-incrimination, and is irrelevant to the issue at hand—whether he asked Boyd to file a notice of appeal. He does, however, assert that certain facts make this question easier to answer, such as his understanding of his appeal rights, his satisfaction with his sentence, and whether he believed his plea agreement was valid.

In response, the Government argues that if Edwards wants to express his dissatisfaction with his plea and sentencing, it should be able to address the *reasons* for his plea and sentence, *i.e.*, the evidence against him. (Doc. 52).

The Court disagrees. As noted above, evidence relating to Edwards's subjective beliefs about the validity of his guilty plea, the waiver of his appeal rights, and counsel's

preparedness for trial are relevant to whether he may have asked his attorney to file a notice of appeal. But the Court does not wish to rehash the evidence the Government had against Edwards, which is already well documented in the record of his criminal case. And while the Government asserts it should be given "an opportunity to tell the Court what actually happened," the Court is reasonably certain the Government already did so in its response to Edwards's motion. Accordingly, Edwards's Motion *in Limine* to Exclude Evidence Related to Underlying Criminal Case (Doc. 49) is **GRANTED**.

### III.  Motion to Compel Discovery filed by Edwards (Doc. 46)

Edwards next asks the Court for an order compelling the Government to produce certain emails between the United States Attorney and Boyd, Edwards's trial attorney. Edwards argues the emails are relevant, non-privileged communications that fall within the scope of discovery permitted by this Court's order and Rule 26(b). Specifically, he argues the contents of the emails are relevant to the issue of Edwards's desire to file an appeal, especially considering that Assistant United States Attorney Peter Reed assisted Boyd in preparing for his deposition in this matter. Edwards also asserts that, although the Court determined the relevant time period for discovery is May 17, 2016, through March 14, 2018, these emails are still discoverable because they bear on matters that occurred during the relevant period.

The Government opposes the motion because the emails fall outside the scope of ordered discovery, what Reed may have written to Boyd is neither probative nor material to whether Edwards asked Boyd to file a notice of appeal, and Edwards has not shown good cause for production of the emails. (Doc. 55).

After reviewing the emails *in camera*, the Court agrees with the United States that they do not contain "anything earth-shaking or remotely interesting." Nevertheless, the Court finds they should be produced to Edwards. When the Court originally determined the relevant scope of discovery, Reed had not yet "prepared" Boyd for his deposition. Finding that the emails could be probative and material to the issue of whether Edwards requested Boyd file a notice of appeal, the Court **GRANTS** the Motion to Compel (Doc. 46) and **ORDERS** the United States to produce the emails at issue to counsel for Edwards by **noon on Monday, May 24, 2021.**

### IV. Motion to Treat Boyd as an Adverse Witness on Direct Examination filed by Edwards (Doc. 47)

Edwards also asks the Court to permit him to treat Boyd as an adverse witness on direct examination because he has shown bias against Edwards and is closely "identified with" the United States. Edwards claims that Boyd collaborated with the United States in crafting his affidavit for the Government's motion to dismiss Edwards's appeal. He further notes that Reed and Boyd had a video preparation session where Reed walked Boyd through the topics to expect at his deposition. Finally, Edwards portrays Boyd as being frustrated with him, annoyed that he pursued his right to appeal, and generally hostile toward Edwards and his family.

In response, the Government argues that a witness does not become adverse simply because his testimony is expected to be unfavorable to the party calling him. (Doc. 53). Furthermore, Boyd is not closely "identified with" the United States just because he has worked with the Government to respond to Edwards's ineffective assistance of counsel claim. To the contrary, federal courts often require trial counsel to

provide an affidavit in response to ineffective assistance claims. Finally, far from appearing hostile, Boyd sat for a four-hour deposition and willingly answered questions.

While leading questions should not normally be used on direct examination, the Court should allow leading questions when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party. FED. R .EVID. 611(c); *Ellis v. City of Chicago*, 667 F.2d 606, 612 (7th Cir. 1981). "The normal sense of a person 'identified with an adverse party' has come to mean, in general, an employee, agent, friend, or relative of an adverse party." *Washington v. Illinois Dep't of Revenue*, No. 01-3300, 2006 WL 2873437, at *1 (C.D. Ill. Oct. 5, 2006). Even if a witness is not "identified with an adverse party," he may still be deemed "hostile" if he is biased against the direct examiner, his client, or both. *Id.* Hostility is often demonstrated by examples of the witness's demeanor. *Id.*

Here, for the reasons stated by the Government, Boyd is not "identified with an adverse party." Because he served as Edwards's trial counsel, without his assistance, the Government would have been unable to respond to Edwards's ineffective assistance of counsel claims. Boyd also is not hostile or biased against Edwards. Indeed, upon reviewing Boyd's deposition, it is clear that Edwards cherry-picked portions of Boyd's testimony to make him seem annoyed and frustrated by Edwards's attempt to appeal and collaterally attack his conviction.

Edwards's Motion to Treat Boyd as an Adverse Witness on Direct Examination (Doc. 47) is **DENIED**.

## V. Motion *in Limine* to Admit Proffered Testimony of James Edwards filed by Edwards (Doc. 48)

Finally, Edwards asks the Court to allow testimony at the evidentiary hearing from his uncle, U.S. Army Major James Edwards, who will testify that that, after Edwards's sentencing hearing adjourned, he heard Edwards ask Boyd to file an appeal. He also heard Boyd acknowledge the request. Edwards argues the testimony is not hearsay because it will be offered to show Boyd had notice that Edwards wanted him to file a notice of appeal, not to prove that Edwards asked Boyd to file a notice of appeal. That is, the statements are relevant to the effect they had on the listener—Boyd—without regard to the truth of the matter asserted. Edwards alternatively argues the statements are admissible under the "catch all" residual exception of Rule 807.

The Court disagrees. As the United States argues, an out-of-court statement offered to show its effect on the listener is not hearsay, but only if it is used to demonstrate the listener's *state of mind. United States v. Hanson*, 994 F.2d 403, 407 (7th Cir. 1993). The issue before the Court is not Boyd's state of mind. It is whether Edwards actually asked Boyd to file an appeal on his behalf. The statements purportedly overheard by Major Edwards go precisely toward the truth of that matter. Accordingly, the testimony is barred by the rule against hearsay. FED. R. EVID. 801, 802.

The testimony also is not admissible under Rule 807. The residual exception allows a statement that is otherwise hearsay to be admitted if it is (1) supported by sufficient guarantees of trustworthiness considering the totality of the circumstances under which it was made and any evidence corroborating the statement; and (2) more probative on the point for which it is offered than any other evidence the proponent can obtain through

reasonable efforts. FED. R. EVID. 807(a). A proponent of hearsay evidence must establish five elements in order to satisfy Rule 807: "(1) circumstantial guarantees of trustworthiness; (2) materiality; (3) probative value; (4) the interests of justice; and (5) notice." *United States v. Moore*, 824 F.3d 620, 622 (7th Cir. 2016). The Seventh Circuit has "warned against the liberal admission of evidence under Rule 807" lest it become "the exception that swallows the hearsay rule." *Id.* at 624 (citation and quotation omitted).

The Court agrees with the Government that the proffered testimony lacks circumstantial guarantees of trustworthiness and is not more probative that any other evidence Edwards can offer. The Court finds it somewhat suspect that, on the eve of the evidentiary hearing, a family member who Edwards describes as a "father figure" has come forward claiming to have heard Edwards, in 2016, ask his attorney to file an appeal on his behalf. And, of course, the most probative evidence of whether Edwards asked Boyd to file a notice of appeal is testimony by Edwards himself. Because Edwards is available to testify at the hearing as to what he told Boyd, the Court finds the residual exception in Rule 807 does not apply.

Edwards's Motion *in Limine* to Admit Proffered Testimony of James Edwards (Doc. 48) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** May 21, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**